*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re<br><br>SHARON M. LOGIUDICE<br><br>Debtor<br><br><br>DARREN COMMANDER,<br><br>Plaintiff- Appellant,<br><br>v.<br><br>SHARON M LOGUIDICE,<br><br>Defendant- Appellee. | Civil Action No.: 13-2973 (FLW)<br><br>On Appeal from: United States Bankruptcy Court, District of New Jersey<br><br><br><br>**OPINION and ORDER** |

**<u>WOLFSON, United States District Judge</u>**:

Before the Court is an appeal by Darren Commander ("Appellant" or "Commander") to vacate the Bankruptcy Judge's Order, dated April 11, 2013, which reduced Commander's bankruptcy claim against Sharon LoGuidice ("Debtor") for monies paid by Commander on a guaranteed obligation. The Bankruptcy Court's reduction is the result of an adversary proceeding initiated by Commander. In that proceeding, the Bankruptcy Court ruled that the debts owed by Debtor to Commander is dischargeable. That decision was appealed to, and affirmed by, this Court on December 12, 2013. For substantially the same reasons expressed in this Court's Opinion dated December 12, 2013, and for the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Judge's April 11 Order.

The issues presented in this appeal are identical to those addressed by the Court in its

1

December 12, 2013 Opinion, and therefore, that Opinion is incorporated herein. As a brief background, Commander, Debtor, and Kenneth Skerianz each owned one-third of Metropolitan Architectural Woodwork, LLC ("Metropolitan"). Debtor's husband, Eric LoGuidice ("Mr. LoGuidice"), served as President of Metropolitan. On September 30, 2005, Metropolitan obtained a $2,000,000 loan through Interchange Bank (the "Metropolitan Loan"). The Metropolitan Loan was jointly guaranteed by Appellant, Debtor, and Skerianz, and eventually transferred from Interchange Bank to TD Bank. In the Spring of 2007, because of suspected criminal activities by Mr. LoGuidice, Commander and Mr. Skerianz fired Mr. LoGuidice and expelled Debtor from her membership in Metropolitan.

Subsequently, Debtor filed an action in the Superior Court of New Jersey, Chancery Division (the "State Court") on November 21, 2007, seeking, among other things, reinstatement as a member of Metropolitan and the appointment of a receiver over Metropolitan (the "State Court Action"). In the State Court Action, on January 22, 2008, Commander brought a counterclaim against Debtor asserting a breach of fiduciary duty for Debtor's failure to disclose her husband's embezzlement to Metropolitan, unjust enrichment for accepting the benefit of Mr. LoGuidice's activity, and fraud for her participation and misappropriation of Metropolitan's money.

In that Action, discovery went on for nearly four years and the eventual trial lasted several days before the State Court. The State Court issued a letter opinion (the "Letter Opinion") finding that the facts did not support Debtor's expulsion from Metropolitan and moreover, Commander's counterclaim – including the breach of fiduciary duty -- had no merit. The State Court determined that Debtor was entitled to be reinstated and compensated for the full benefit of her membership equal to the amount provided to the other members since August

2007.

Commander timely filed a notice of appeal of the order appointing a fiscal agent to the Superior Court of New Jersey, Appellate Division (the "Appellate Court"). But, on February 22, 2012, the Appellate Court informed Commander that he would have to proceed by way of an interlocutory appeal because the State Court had yet to enter a final order. Meanwhile, Debtor commenced bankruptcy proceedings on February 16, 2012, under Chapter 7 of Title 11 of the United States Code, which automatically stayed the state court proceedings.

In the Chapter 7 bankruptcy proceedings, which were later converted to Chapter 11, Commander was scheduled as a creditor of Debtor in the amount of $7,691,236.99, and Commander filed a corresponding proof of claim. On November 19, 2012, Commander commenced a nondischargeability action (the "Nondischargeability Action"), arguing that Debtor's liability to Appellant resulting from Debtor's husband's embezzlement represents a nondischargeable debt within the scope of U.S.C. §§ 523(a)(2), (a)(4), and (a)(6) of the Bankruptcy Code.

Upon Debtor's motion to dismiss the Nondischargeability Action, the Bankruptcy Judge found that the disputes underlying the Nondischargeabililty Action -- whether there was any wrongful conduct on the part of Debtor -- were already resolved in the State Court Action. As a result, the Bankruptcy Judge reasoned that collateral estoppel applied and barred relitigation of the issues underlying the Nondischargeability Action. The Bankruptcy Judge, therefore, dismissed the Nondischargeability and consequently, issued an order reducing Commander's claim against Debtor.

Commander filed two appeals, separately appealing, respectively, the dismissal of the Nondischargeability Action and the reduction in his claim. On December 12, 2013, this Court

agreed with the Bankruptcy Court's finding that the issues litigated, and decided by, by the State Court collaterally estopped the issues in the Nondischargeability action. More specifically, I held that the disputes underlying the State Court Action and the Nondischargeability Action were identical, the issues were actually litigated through the course of extensive discovery and a four day trial, and the Letter Opinion written by the State Court Judge was sufficiently final for the purposes of issue preclusion. As a result, this Court affirmed the Bankruptcy Judge's dismissal of the Nondischargeability action.

In the instant appeal, Appellant takes issue with the Bankruptcy Judge's reduction of his bankruptcy claim against Debtor. Appellant again argues that the State Court's Letter Opinion is not entitled to preclusive effect because the issues in the State Court Action were not actually litigated and there was not a final judgment on the merits. Appellant also argues that the Letter Opinion does not address whether Debtor violated her fiduciary duties to the other members of Metropolitan and thereby, the State Court failed to rule on whether Debtor's conduct was wrongful.[1] As a result, Appellant claims that the Bankruptcy Judge abused his discretion in reducing Appellant's claim against Debtor.

These arguments are unpersuasive. As I explained in the December 12, 2013 Opinion, the State Court already determined that Debtor was not liable for breaching her fiduciary duties or participating in the fraud on the part of Debtor's husband. Indeed, these are the same issues underlying Appellant's claims before the Bankruptcy Court. As I have found previously – and it applies with equal force here -- those issues were actually litigated in an extensive State Court proceeding, which consisted of a long discovery period and a four-day trial. I also found that the Letter Opinion was sufficiently final for collateral estoppel purposes. Therefore, I conclude that

---

[1] Appellant also argues that the entire controversy doctrine does not preclude him from pursuing his claim. But, I need not address this question because collateral estoppel applies.

the Bankruptcy Judge did not abuse his discretion by reducing Commander's proof of claim.

**IT IS** on this 16th day of January, 2014,

**ORDERED** that Appellant's appeal of the Bankruptcy Court's April 11 Order is **DISMISSED**.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson, U.S.D.J.